UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PAMELA K. BATES, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00079-SKL |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
|    *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Pamela K. Bates ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her disability insurance benefits ("DIB"). Each party has moved for judgment [Docs. 14 & 16] and filed supporting briefs [Docs. 15 & 17]. This matter is now ripe. For the reasons stated below: (1) Plaintiff's motion for judgment on the administrative record [Doc. 14] will be **DENIED**; (2) the Commissioner's motion for summary judgment [Doc. 16] will be **GRANTED**; and the decision of the Commissioner will be **AFFIRMED**.

I.   **ADMINISTRATIVE PROCEEDINGS**

According to the administrative record [Doc. 7 ("Tr.")], Plaintiff filed her application for DIB on November 20, 2014, alleging disability beginning May 30, 2009. Plaintiff's claims were denied initially and on reconsideration at the agency level. On December 7, 2015, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held in Chattanooga, Tennessee, on March 30, 2017. On June 26, 2017, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act at any time between the alleged onset date through the date she was last insured, i.e., the date she was last eligible to apply for benefits, December 31,

2014.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Plaintiff timely filed the instant action.

## II.     FACTUAL BACKGROUND

### A.     Education and Employment Background

Plaintiff was born on December 30, 1959, which means she was 49 years old on the alleged onset date.  Before expiration of her insured status, Plaintiff turned 55 years old, which is considered "advanced age" under the pertinent Social Security Administration ("SSA") regulation.  20 C.F.R. § 404.1563.  She has a ninth grade education, and is able to communicate in English.  Her past relevant work is as a sales clerk at Bi-Lo, a grocery store.

### B.     Medical Records

In her November 2014 Disability Report, Plaintiff alleged disability due to arthritis in her knees and "back problems" (Tr. 191).  While there is no need to summarize the medical records herein, the relevant records have been reviewed.

### C.     Hearing Testimony

At the hearing before the ALJ on March 30, 2017, Plaintiff and a vocational expert ("VE") testified.  Plaintiff was represented by counsel.  The Court has carefully reviewed the transcript of the testimony from the hearing (Tr. 28-42).

## III.    ELIGIBILITY AND THE ALJ'S FINDINGS

### A.     Eligibility

"The Social Security Act defines a disability as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months.'" *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637, 646 (6th Cir. 2013) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 862 (6th Cir. 2011) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Parks*, 413 F. App'x at 862 (quoting 42 U.S.C. § 423(d)(2)(A)). The SSA determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v). The five-step process provides:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citations omitted). The claimant bears the burden to show the extent of his impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010) (citations omitted).

3

## B. The ALJ's Findings

The ALJ found Plaintiff met the insured status requirements through December 31, 2014. At step one of the five-step process, the ALJ found Plaintiff did not engage in substantial gainful activity between her alleged onset date and the date she was last insured. At step two, the ALJ found Plaintiff had degenerative disc disease ("DDD") and osteoarthritis of the bilateral knees, and that these impairments were severe. The ALJ found Plaintiff's somatic disorder was a medically determinable impairment, but that it was not severe. She also noted Plaintiff had been diagnosed as obese, but also found it was not a severe impairment. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairment that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next, the ALJ found Plaintiff had the following residual functional capacity ("RFC") during the relevant time period:

> [T]he claimant had the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b), except that she could lift up to 25 pounds occasionally; she could stand for a total of up to four hours per eight-hour day; she could walk for a total of up to two hours per day; she was to avoid more than occasional balancing, kneeling, stooping, crouching, crawling, or climbing of stairs or ramps; and she was to avoid all concentrated exposure to extreme cold, exposure to dangerous machinery, or climbing of ropes, ladders, or scaffolds.

(Tr. 20).

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a sales clerk, which is classified in the Dictionary of Occupational Titles ("DOT") as a light, unskilled job. In the alternative, at step five, the ALJ found Plaintiff was capable of performing of performing other jobs existing in substantial numbers in the national economy, including a

4

garment sorter, bakery line worker, and counter clerk. The ALJ's step-five determination only applied to the time prior to Plaintiff turning 55, however. Rule 202.01 of the Medical-Vocational Rules in 20 C.F.R. § 404, Appendix 2, Part 2 (the "Grid Rules"), would dictate a finding of disabled for a person, such as Plaintiff, with a light work RFC who is 55 years old or older, with a limited education and history of only unskilled work.

## IV.   ANALYSIS

Plaintiff asserts this matter should be reversed and/or remanded under sentence four, primarily arguing the ALJ committed "reversible errors of law" by failing to find Plaintiff disabled under various Grid Rules, depending on Plaintiff's age, and taking into account that Plaintiff has a limited education and unskilled past work. First, Plaintiff argues the ALJ should have assessed an RFC no higher than sedentary. Had the ALJ done so, Grid Rule 201.9 would have directed a finding of disabled as of December 30, 2009, Plaintiff's 50th birthday, which is the "closely advancing advanced age" threshold [Doc. 15 at Page ID # 380-82]. Second, Plaintiff argues even given the light work RFC, Grid Rule 202.01 would have directed a finding of disabled as of December 30, 2014, Plaintiff's 55th birthday, which is the "advanced age" threshold [*id.* at Page ID # 382-83]. In her final argument, Plaintiff seems to attack the ALJ's evaluation of her subjective complaints and the ALJ's overall assessment of the medical record, ultimately contending she should be found disabled as of the alleged onset date [*id.* at Page ID # 383-86].

The Commissioner contends the Grid Rules do not apply in this case, where the ALJ properly found Plaintiff was capable of performing her past relevant work [Doc 17 at Page ID # 402-04]. As a corollary, the Commissioner contends the ALJ's RFC assessment is supported by substantial evidence in the record [*id.* at Page ID # 397-402].

5

### A. Standard of Review

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence. 42 U.S.C. § 405(g); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (citations omitted). Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (citations omitted); *Ross v.*

*Richardson*, 440 F.2d 690, 691 (6th Cir. 1971) (citation omitted). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes "there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may not, however, consider any evidence that was not before the ALJ for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citation omitted). Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claims of error without further argument or authority may be considered waived).

    **B.    The Grid Rules do not Apply at Step Four.**

First, Defendant is correct in arguing the Grid Rules do not apply to the ALJ's step-four determination. Rather, the Commissioner utilizes them "during the final step of the disability decision." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 537 (6th Cir. 2001) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)). "*After* the [Commissioner] determines that the

7

plaintiff is incapable of performing past relevant work, these grids are used to determine whether plaintiff can perform other jobs in the national economy." *Id.* (emphasis added); *see also* 20 C.F.R. § 404.1520(g) ("If we find that you cannot do your past relevant work . . . , we will consider [your RFC] together with your vocational factors [your age, education, and work experience] to determine if you can make an adjustment to other work."). This makes sense because different considerations are at play when determining whether a person can adjust to a *new* occupation as compared to whether a person can do work they have performed in the past, in this case, for a period of at least nine years (Tr. 182).

The VE testified someone with Plaintiff's RFC could perform her past work as a sales clerk, as actually and generally performed (Tr. 40-41). Accordingly, the only remaining step-four issue is whether the ALJ's RFC determination is supported by substantial evidence. As explained below, the Court concludes it is. As such, it is unnecessary to address the ALJ's alternative step-five conclusion that Plaintiff could have performed other work in the national economy and was therefore ineligible for benefits, at least until she turned 55.

**C.     The RFC Assessment is Supported by Substantial Evidence.**

A claimant's RFC is the most they can do despite their impairments. 20 C.F.R. § 404.1545(a)(1). In other words, the RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). An ALJ is responsible for determining a claimant's RFC after reviewing all of the relevant evidence in the record. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x

719, 728 (6th Cir. 2013). In assessing Plaintiff's RFC, the ALJ relied on the opinion evidence as well as the inconsistencies between Plaintiff's subjective statements and the medical evidence.

### 1. The opinion evidence

Plaintiff first takes issue with the ALJ's treatment of the opinion of William A. Holland, M.D., who performed a consultative exam of Plaintiff's physical condition on March 9, 2015. Dr. Holland found Plaintiff could "ambulate[ ] throughout the clinic without any noticeable difficulty or gait disturbance," and "sit and then arise from a seated position easily." (Tr. 297). He found she had normal range of motion in her hips, knees and ankles, and "no crepitus with active range of motion at the knees." (Tr. 298). He noted her lumbar flexion was 80 degrees, her lumbar extension was 30 degrees, and she had "no scoliosis or spasms." (Tr. 298). Her motor, sensory and cerebellar functions were all grossly intact. As for his functional assessment, Dr. Holland wrote:

> I reviewed 11 pages of provided medical records which included x-ray reports of her lumbar spine and bilateral knees from 2013 and her rheumatologist evaluation from February of this year. Based on today's examination, I estimate she could sit six to eight hours per eight-hour day. I would limit her standing to two to four hours per eight-hour day and walking to two hours per eight-hour day. I would limit her lifting to 5 to 10 pounds frequently and up to 25 lbs occasionally.

(Tr. 298).

The ALJ gave Dr. Holland's opinion "significant weight," noting there were no treating source opinions and that Dr. Holland's opinion was "consistent with the physical examination and with the overall medical evidence." (Tr. 21). The only differences between the ALJ's RFC assessment and Dr. Holland's functional assessment is that the ALJ also adopted postural limitations, which Dr. Holland did not address, and the ALJ found Plaintiff capable of lifting 10

9

pounds frequently (rather than Dr. Holland's five to 10 pounds), and standing "up to four hours per eight-hour day" (rather than Dr. Holland's "two to four hours").

Plaintiff argues the ALJ erred because Dr. Holland's assessment only supports a finding of sedentary work, not light work, and the ALJ failed to provide good reasons for "rejecting" Dr. Holland's opinion. Plaintiff is incorrect.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b). The "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday." Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (1983). By contrast, sedentary work requires only occasional walking and standing, and "involves lifting no more than 10 pounds at a time." 20 C.F.R. § 404.1567(a). True, the low ends of the standing and lifting ranges opined to by Dr. Holland are somewhat more consistent with sedentary work. But an RFC is the most an individual can do, not the least, and the high ends of Dr. Holland's ranges clearly cover the limitations adopted by the ALJ. Thus, the ALJ did not "reject" Dr. Holland's opinion; rather, she properly incorporated it into her findings and provided good reasons for doing so. She noted the opinion was consistent with exam results and the other medical evidence in the record. She further noted he was a one-time examiner, while also expressly recognizing there were no treating physician opinions in the record concerning Plaintiff's functional capacity. *See* 20 C.F.R. § 404.1527(c) (listing factors to be considered when weighing medical opinion evidence); *see also Sommer v. Astrue*, No. 3:10-CV-99, 2010 WL 5883653, at *6 (E.D. Tenn. Dec. 17, 2010) ("The Regulations and Rulings require an ALJ, in the

10

absence of a treating source who enjoys controlling weight, to weigh the opinions of one-time examining physicians and record-reviewing physicians under the regulatory factors, including supportability and consistency." (citation omitted))

Plaintiff briefly argues the ALJ should have contacted Dr. Holland for a follow-up examination and assessment after Plaintiff's 50th birthday and after her 55th birthday.

Although an ALJ "has a basic obligation to develop a full and fair record," the ALJ "is not required to act as the claimant's counsel or produce evidence for the claimant." *Dodson v. Comm'r of Soc. Sec.*, No. 1:12-CV-109, 2013 WL 4014715, at *13 (E.D. Tenn. Aug. 6, 2013) *(citing Born v. Sec'y of Health & Human Servs.,* 923 F.2d 1168, 1172 (6th Cir.1990); *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 856 (6th Cir.1986)). "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Brooks v. Astrue*, No. 3:09-CV-432, 2011 WL 652839, at *8 (E.D. Tenn. Jan. 26, 2011) (quoting *Foster*, 279 F.3d at 355 (internal quotation marks omitted)), *report and recommendation adopted*, No. 3:09-CV-432, 2011 WL 652837 (E.D. Tenn. Feb. 14, 2011). Further, because here Plaintiff was represented by counsel at the administrative level, "[t]he ALJ was entitled to assume that Plaintiff . . . was presenting her best evidence in favor of benefits." *Birdwell v. Barnhart*, No. 2:06-0063, 2008 WL 2414828, at *10 (M.D. Tenn. June 12, 2008) (citing *Delgado v. Comm'r of Soc. Sec.,* 30 F. App'x 542, 549 (6th Cir.2002); *Glen v. Sec'y of Health & Human Servs.,* 814 F.2d 387, 391 (7th Cir. 1987)).

As explained above, the Grid Rules simply do not come into play in this case, making differences in Plaintiff's functional abilities at various ages essentially irrelevant. Moreover, Dr. Holland examined Plaintiff on March 9, 2015, when Plaintiff was already 55 years old, and found

even at that time Plaintiff was capable of performing functions which the ALJ correctly concluded amount to light work. Accordingly, the Court finds no error in the ALJ's decision not to request an additional examination or opinion from Dr. Holland or otherwise develop the record further.

Plaintiff does not assign any error to the ALJ's consideration of the other opinion evidence, including the report from the psychological consultative examiner, Benjamin James Biller, M.S., and the reports from the state agency non-examining consultants. The reports on Plaintiff's physical abilities are consistent with Dr. Holland's; likewise, the psychological reports all found Plaintiff had "few, if any, limitations on her psychological functioning," consistent with her total lack of treatment for psychological treatment and Mr. Biller's exam (Tr. 21). The ALJ gave each of these opinions significant weight. The ALJ is "tasked with interpreting medical opinions in light of the totality of the evidence." *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014) (citing 20 C.F.R. § 416.927(b); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005)); *see also* 20 C.F.R. § 404.1527. In this case, the ALJ did just that. Plaintiff's motion will be denied in this regard.

### 2. Plaintiff's subjective statements and the medical evidence

For the remainder of her brief, Plaintiff essentially attacks the ALJ's determination that her subjective statements about her limitations and symptoms were not entirely consistent with the medical record. Plaintiff cites to records from a single office visit with Elizabeth L. Turner, M.D., on July 17, 2013, and x-rays ordered by Dr. Turner and taken that same day. She seems to argue this evidence supports her subjective complaints and shows "there are no jobs in significant numbers in the local or national economy" that she can perform [Doc. 15 at Page ID # 385]. Plaintiff's argument is not winning.

The ALJ considered the evidence Plaintiff cites, as well as other relevant evidence. The ALJ discussed Plaintiff's subjective complaints, noting Plaintiff's testimony at the hearing that she quit working in 2009 due in part to chronic pain, she cannot stand for more than 15 minutes, and she has to take breaks from performing household chores to use a heating pad. The ALJ then explained that Plaintiff's claims of disabling symptoms were "not entirely consistent with the medical evidence of record," noting the following:

> As previously discussed, there was no medical evidence dated earlier than 2012.[1] The claimant had subjective complaints of pain in multiple joints, but the objective evidence indicated degeneration only in the spine and in the knees. Her ANA was weakly positive, but there were no other objective findings. On examination by the rheumatologist, the claimant had negative straight leg raising, without tenderness in the spine or knees. Records from Family Medical Center indicated consistently normal strength, reflexes, and nerves. At wellness examinations in March 2014, December 2015, and December 2016,[2] the claimant stated that she was doing well, without any physical complaints.

(Tr. 20). Elsewhere in the decision, the ALJ discussed Dr. Turner's records in more detail, noting Plaintiff complained of joint pain affecting the hands and feet, but Dr. Turner's examination revealed no abnormalities to any associated joints, although Plaintiff did have a "slight deficit of grip strength." (Tr. 18). The ALJ also discussed how the x-rays ordered by Dr. Turner "revealed multilevel degenerative disc disease and facet arthrosis of the lumbar spine, as well as bilateral degenerative changes in the knees," but again, no tenderness and negative straight leg raise tests

---

[1] At step two, ALJ discussed the fact that Plaintiff alleged disability beginning in 2009, but did not seek treatment until 2012.

[2] Although the exams in 2015 and 2016 occurred after expiration of Plaintiff's insured status, Plaintiff does not suggest her condition improved with time or seek benefits for a closed period of time. Accordingly, it was reasonable for the ALJ to consider these exams.

(T. 18). Moreover, the ALJ discussed Dr. Holland's opinion in detail, and described Plaintiff's activities of daily living, which included driving, using a computer, preparing simple meals, and caring for two dogs, a cat, and two birds.

Thus, the ALJ properly noted a lack of objective evidence to support some of Plaintiff's complaints, Plaintiff's lack of treatment, and the fact that the opinion evidence weighed heavily against a finding of disability. These are all proper considerations when an ALJ is determining whether to credit a claimant's subjective complaints about their conditions. *See* 20 C.F.R. § 404.1529(c) (factors to be considered include, "objective medical evidence," the treatment a claimant has received, activities of daily living, "other measures" a claimant uses to relieve pain, and "other factors"); *see also Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (finding the ALJ properly considered the plaintiff's ability to spend time with family and others, drive or walk to the local coffee shop, and assist with chores around the house when determining the credibility of the plaintiff's subjective complaints); *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013) (a "conservative treatment approach suggests the absence of a disabling condition"); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." (citation omitted)). Moreover, the ALJ provided "specific reasons for the weight given" to Plaintiff's subjective complaints, and the reasons are supported by substantial evidence. *See* SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). Plaintiff recites the contents of Dr. Turner's records, but fails to explain what was incorrect or inaccurate about the ALJ's discussion of these records, and the Court finds the ALJ's characterization of the records reasonable. Plaintiff also fails to

address the wellness exams in March 2014, December 2015, and December 2016, which the ALJ cited and relied on to evaluate Plaintiff's claim.

Accordingly, the Court finds the ALJ properly evaluated Plaintiff's subjective complaints and alleged symptoms in a manner consisted with relevant SSA policies and regulations, including SSR 16-3p and 20 C.F.R. § 404.1529. Such evaluations are properly entrusted to the ALJ, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citation omitted), and Plaintiff has failed to show any error in the ALJ's decision in this regard.

Finally, to the extent Plaintiff is arguing more generally that Dr. Turner's records and her own subjective complaints about her conditions would tend to support a finding of disability, this argument is also not well-taken. As noted above, where there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if substantial evidence would have also supported other findings. *See Smith*, 99 F.3d at 782 (citations omitted); *Ross*, 440 F.2d at 691 (citation omitted). Here, there is substantial evidence to support the ALJ's conclusion, including all of the opinion evidence, the normal exams, and other evidence discussed by the ALJ. Plaintiff simply has not "persuasively shown that the ALJ erred in conducting [the] difficult task" of weighing the record evidence. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009).

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1) Plaintiff's motion for judgment on the administrative record [Doc. 14] is **DENIED**;

2) The Commissioner's motion for summary judgment [Doc. 16] is **GRANTED**; and

3) The Commissioner's decision denying benefits is **AFFIRMED**.

SO ORDERED.

ENTER:

                                               s/ *Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE